**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Stacy Nichole Black Rogers and Teodoro Sarinana
Rochester, Defendants,

Of whom Stacy Nichole Black Rogers is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2019-001487

---

Appeal From Spartanburg County
Jessica Ann Salvini, Family Court Judge

---

Unpublished Opinion No. 2021-UP-061
Submitted February 5, 2021 – Filed March 3, 2021

---

**AFFIRMED**

---

John Brandt Rucker and Allyson Sue Rucker, both of
The Rucker Law Firm, LLC, of Greenville, for
Appellant.

Robert C. Rhoden, III, of Spartanburg, for Respondent.

Jamia D. Foster, of Law Office of Jamia D. Foster, LLC, of Spartanburg, for the Guardian Ad Litem.

---

**PER CURIAM:** Stacy Nichole Black Rogers (Mother) appeals an order terminating her parental rights to Child 1 and Child 2 (collectively, Children). On appeal, Mother argues the family court erred in finding (1) she failed to remedy the conditions causing removal, (2) the severity and repetition of harm made it not reasonably likely her home could be made safe within twelve months, (3) Children were in foster care for fifteen of the most recent twenty-two months, and (4) termination of parental rights (TPR) was in Children's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2020). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

First, clear and convincing evidence supports the family court's finding that Children were in foster care for fifteen of the most recent twenty-two months. *See* S.C. Code Ann. § 63-7-2570(8) (providing a statutory ground for TPR is met when a "child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). Children were placed into foster care in November 2016 and the TPR hearing was held on June 26, 2019. Children remained in foster care continuously during this time—a period of thirty-two months. Further, the delay in reunification was due to Mother's inability to obtain adequate and safe housing for Children rather than any dilatory actions by DSS. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find that severance is in the best interests of the child, and that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment

where the child will be nourished and protected.").  Specifically, Mother's testimony at the TPR hearing demonstrated the safety issues in her home were not addressed until shortly before a May 2019 TPR hearing date.  Moreover, the May 2019 TPR hearing date was continued over DSS's objection at Mother's request.  Because Mother did not address the safety issues in her home in the more than two year period between emergency protective custody and the TPR hearing, we find clear and convincing evidence supports this ground.

Second, clear and convincing evidence showed a child residing with Mother was harmed, and due to the severity or repetition of the harm, it was not reasonably likely Mother's home could be made safe within twelve months.  *See* § 63-7-2570(1) (providing a statutory ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed . . . , and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"); *id.* ("In determining the likelihood that the home can be made safe, the parent's previous abuse or neglect of the child or another child may be considered.").  Mother acknowledged multiple DSS cases involving Children, including one case involving drug abuse and physical neglect, another case involving physical neglect, and the present case involving physical neglect and substantial risk of harm.  Mother also confirmed she had difficulty maintaining adequate and safe housing since 2010.  Although Mother's home was made safe sometime in early 2019, it took more than two years for Mother to address the safety issues.  Based on Mother's history of unsafe housing, clear and convincing evidence showed it was not reasonably likely Mother's home could be made safe within twelve months due to severe or repetitious harm.[1]

Finally, viewed from Children's perspective, we find TPR was in their best interest.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) (providing the best interest of the child is the paramount consideration in TPR cases).  Children have been in and out of foster care since 2010 due to Mother's inability to obtain and maintain adequate and safe housing on a consistent basis.  The Guardian Ad Litem (the GAL) testified Child 2 is in a preadoptive home and is well bonded with her foster parents.  The GAL also noted Child 1 is in

---

[1] Because clear and convincing evidence supports these statutory grounds, we decline to address whether DSS proved Mother failed to remedy the conditions causing removal.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

a stable foster home and receiving counseling for sexual abuse allegations.  The GAL also expressed concern Mother did not believe the sexual abuse allegations.  The GAL recommended TPR.  Based on the GAL's testimony and Mother's long-term inability to maintain safe and adequate housing, we find TPR was in Children's best interest.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.